UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, IN THEIR CAPACITIES AS TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC COAST MARKINGS, INC., et al.,<br><br>Defendants. | Case No. 14-cv-02979-PJH   (JCS)<br><br>**REPORT AND RECOMMENDATION REGARDING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 25 |

**I. INTRODUCTION**

In this ERISA enforcement action, Plaintiffs move for entry of default judgment and an order awarding unpaid employee benefit contributions, liquidated damages and interest, and attorneys' fees and costs. Plaintiffs' Motion was referred to the undersigned magistrate judge for a report and recommendation. The Motion came on for hearing on February 13, 2015. Plaintiffs filed a supplemental declaration on March 6, 2015 and a second supplemental declaration on March 19, 2015. For the reasons stated below, it is RECOMMENDED that the Motion be GRANTED.

**II. BACKGROUND**

   **A. Facts**

The First Amended Complaint ("FAC") names the following trust funds ("Trust Funds") as Plaintiffs:  (1) Laborers Health and Welfare Trust Fund for Northern California; (2) Laborers Vacation-Holiday Trust Fund for Northern California; (3) Laborers Pension Trust Fund for Northern California; (4) Laborers Training and Retraining Trust Fund for Northern California. FAC at 2. The FAC alleges that the Trust Funds are employee benefit plans within the meaning of

sections 3, 4, and 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002, 1003, and 1132. *Id*.

The FAC names (1) Mark Thomas Bates, individually; (2) Mark Thomas Bates, doing business as Pacific Coast Markings, Inc., a suspended California corporation; and (3) Pacific Coast Markings, Inc., a suspended California corporation as Defendants. *Id*. The declaration of Michelle Lauziere[1] states that Bates is an officer of Pacific Coast Markings, Inc. (signing as "President"). Declaration of Michelle Lauziere in Support of Motion for Default Judgment ("Lauziere Decl.") ¶ 7. Plaintiffs allege that "at all times material herein," Defendants "have been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145)." FAC at 2–3. The FAC alleges that by signing a Memorandum Agreement with the Northern California District Council of Laborers, "Defendants were signatories and bound to" the Northern California Laborers Master Agreement ("Master Agreement") and Trust Agreements that govern each of the Trust Funds. *Id*. at 3.

The Master Agreement establishes the rates at which employers are required to contribute to the Trust Funds. Lauziere Decl. ¶¶ 9–10, Ex. F (Master Agreement) at 28. Employers must make payments no later than the 25th day of the month; if payments are not made by that date, they become delinquent. Lauziere Decl., Ex. A (Trust Agreements) at 6 (Art. II, § 10). The Master Agreement provides for liquidated damages and interest on delinquent contributions. In particular:

> All delinquent contributions shall bear simple interest at the rate of one and one-half percent (1.5%) per month until receipt of payment. Subject to accounting verification, liquidated damages shall be assessed on delinquent contributions at a flat rate of one hundred and fifty dollars ($150.00) per month to reflect the internal administrative costs incurred by the trust administrators in monitoring and tracking such late contributions.

Lauziere Decl., Ex. F, § 28A.[2]

In the FAC, Plaintiffs allege that for a number of months between 2011 and 2013,

---

[1] Accounts Receivable Manager for Laborers Funds Administrative Office of Northern California, Inc.
[2] At oral argument, Plaintiffs stipulated that the $150 in liquidated damages referenced in Section 28A does not accrue every month after the contribution becomes delinquent and remains unpaid, as the language of that provision might suggest, but rather, is a one-time fee that is imposed for each month in which contributions are not paid on time.

2

1  Defendants either failed to pay their required contributions or failed to pay them on time. FAC at
2  4. Plaintiffs assert the following claims:  (1) breach of contract; (2) actual damages for breach of
3  contract; and (3) damages and equitable relief for breach of fiduciary duty, which Plaintiffs allege
4  constitutes a violation of ERISA, 29 U.S.C. § 1145. *Id.* at 4-6.

### B. Service and Entry of Default

On September 21, 2014, Plaintiffs served Defendants with the summons and First Amended Complaint by personally delivering the papers to Bates. *See* Dkt. Nos. 19 and 19-1 (Proofs of Service Summons). Plaintiffs state that Bates is an officer of Pacific Coast Markings, Inc. Lauziere Decl. ¶ 6, Ex. G (Memorandum of Agreement Signed by Mark Bates as Responsible Official for Pacific Coast Markings, Inc.). Defendants did not answer. On November 10, 2014, Plaintiffs filed a Request for Entry of Default. Dkt. 23. On November 13, 2014, the Clerk entered default against Defendants. Dkt. 24. On December 18, 2014, Plaintiffs filed the instant Motion seeking entry of default judgment.

### C. Motion

In the Motion, Plaintiffs request default judgment against Defendants and awards of:  (1) $9,767.26 in unpaid contributions for June through September 2013; (2) $4,599.56 in liquidated damages and interest for May and June of 2011, August through October of 2011, August 2012, June through September of 2013, November and December of 2013, and August through October of 2014; (3) $10,857.50 in attorney's fees and $876.51 in costs. Mot. at 4–5; Lauziere Decl. ¶¶ 14–15.

### D. Supplemental Declarations

After the hearing, Plaintiffs filed two supplemental declarations. *See* Supplemental Declaration of Michelle Lauziere in Support of Plaintiffs' Motion for Default Judgment ("Lauziere Supp. Decl."); Second Supplemental Declaration of Michelle Lauziere in Support of Plaintiffs' Motion for Summary Judgment ("Lauziere Second Supp. Decl."). The supplemental declarations include the interest calculations (original amount due and dates of late payments) on late contributions for the following months:  May and June of 2011, August through October of 2011, August 2012, June through September of 2013, November and December of 2013, and August

through October of 2014. *See* Lauziere Supp. Decl., Exs. B–D and F–K; Lauziere Second Supp. Decl. ¶ 6–7, Ex. E. In addition, the Supplement Declaration requests a $150.00 liquidated damage fee to be assessed for June 2013, since in the Motion, Plaintiffs "inadvertently left out the $150.00 liquidated damage flat fee that should have been assessed for June 2013." Lauziere Supp. Decl. ¶ 17.

In response to the Court's concerns during the hearing, the Supplemental Declaration explains that even though Plaintiffs request interest on the "unpaid" contributions from June 2013 as well as interest on the "paid but late" contributions from June 2013, they did not double-count the interest from June 2013: on April 15, 2014, Defendants made a partial payment of the contributions from June 2013, and the interest shown in the November 25, 2014 Audit Report does not include the interest on the April 2014 late payment. *See* Lauziere Supp. Decl. ¶ 17. Plaintiffs also clarify that they request a higher interest amount in the Motion than the FAC because they updated the interest calculations at the time of filing the Motion. Lauziere Supp. Decl. ¶ 7. In addition, Plaintiffs mention that they changed the status of the November and December 2013 contributions from "unpaid" in the FAC to "paid but paid late" in the Motion because Defendants paid those contributions during the pendency of the litigation. Lauziere Supp. Decl. ¶ 4.

### III. DISCUSSION

#### A. Entry of Default Judgment

Plaintiffs apply for a default judgment on the basis that Defendants failed to plead or otherwise defend or appear after valid service. The court may enter a default judgment once the Clerk, under Rule 55(a), has entered a party's default based on a failure to plead or otherwise defend the action. Fed. R. Civ. P. 55(b)(2). If the court is satisfied that jurisdiction is proper and that service of process upon the defendant was adequate, courts are instructed to consider several facts in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1987). Upon default, the court takes all factual allegations in the complaint, except those relating to damages, as true. *See TeleVideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir. 1987).

Here, the record supports that Defendants are subject to default judgment. Defendants have been adequately served and have not responded, and the Clerk has entered default against Defendants. The undersigned finds that Plaintiffs' claims are well-pleaded. Plaintiffs have offered evidence that Defendants signed a Memorandum Agreement and are thus bound to the Master and Trust Agreements. Lauziere Decl. ¶ 7. These Agreements impose liability on delinquent employers for unpaid contributions, liquidated damages, interest, and attorney's fees. Lauziere Decl. ¶¶ 10–13. Plaintiffs allege that Defendants failed to make complete, timely contribution payments. FAC at 4; Lauziere Decl. ¶¶ 14–16. Consequently, Plaintiffs state a claim under ERISA, 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement"). Furthermore, the record contains no evidence of excusable neglect that would justify denying Plaintiffs' request for default judgment. The undersigned thus concludes that liability is established as to Plaintiffs' ERISA claims and that default judgment should be entered against Defendants.

**B. Remedy**

**1. Section 1132(g)**

Once liability is established, a plaintiff is required to establish that the requested relief is appropriate. *See Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir.1977). Under ERISA, an employee benefit plan that obtains judgment in its favor in an action for unpaid contributions under 29 U.S.C. § 1145 is entitled to the following forms of relief:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of—

(i) interest on the unpaid contributions, or

> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Interest on unpaid contributions is determined by the rate provided under the plan, or if none is specified, the rate prescribed under 26 U.S.C. § 6621. *Id.*

### 2. Contributions

Plaintiffs must submit proof of their damages. *See TeleVideo*, 826 F.2d at 917–18. Here, Plaintiffs seek $9,767.26 in unpaid contributions for the period June through September of 2013. Mot. at 4. The Plaintiffs' Audit Report supports the requested amount. Lauziere Decl., Exs. H (Audit Report for Period January 2013 to September 2013) at 8 and F (Master Agreement), §§ 28A, E. Thus, it is recommended that the amount be awarded in full.

### 3. Liquidated Damages and Interest

In the Motion, Plaintiffs seek liquidated damages and interest in the amount of $4,749.56 for delinquent contributions, some of which were paid before the filing of the action and some of which remained unpaid at the time of filing. Mot. at 8. Specifically, Plaintiffs seek $1,800 in liquidated damages and $2,949.56 in interest. *See* Lauziere Decl. ¶ 15; Exs. H–J; Lauziere Supp. Decl. ¶¶ 9, 17, 21.

    a. Liquidated Damages

The Master Agreement provides for liquidated damages at a flat rate of $150 to be assessed on delinquent contributions. Lauziere Decl., Ex. F, Section 28A. Under 29 U.S.C. § 1132(g)(2), liquidated damages of up to 20 percent are permitted on contributions that remain unpaid at the time the action is filed. *See Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989). It is unclear whether the statute allows liquidated damages on contributions paid *before* the action is filed. *See Trustees of Bricklayers*

6

*Local No. 3 Pension Trust v. Huddleston*, No. 10-1708 JSC, 2013 WL 2181532, at *5 (N.D. Cal. May 20, 2013) (discussing split of authority). However, even if the statute does not, federal common law allows recovery on contributions paid before filing pursuant to the contract rate (e.g. flat rate of $150). *See Bd. of Trustees v. KMA Concrete Construction Co.*, No. C-10-05774 JCS, 2011 WL 7446345, at *4 (N.D. Cal. Dec. 20, 2011) (finding under similar facts a provision providing liquidated damages at a flat rate of $150 enforceable under federal common law where ERISA does not apply); *See Idaho Plumbers,* 875 F.2d at 217 (ERISA does not preempt the federal common law of liquidated damages when ERISA does not apply). Thus, Plaintiffs may recover liquidated damages even for contributions that were paid before the time of filing.

Plaintiffs seek liquidated damages totaling $1,650 for delinquent contributions in the following eleven months:  May and June of 2011, August through October of 2011, August 2012, November and December of 2013, and August through October of 2014. Lauziere Decl., Exs. I and J (Statements of Interest and Liquidated Damages Due). The requested amount is the sum of eleven months of liquidated damages at the rate specified in the Master Agreement. Thus, the amount should be awarded in full.

    b.   Interest

The Master Agreement provides that "all delinquent contributions shall bear simple interest at the rate of one and a half percent (1.5%) per month until receipt of payment." Lauziere Decl., Ex. F, § 28A. As with liquidated damages, 29 U.S. C. § 1132(g) entitles Plaintiffs to interest on contributions unpaid at the time of filing. *See Idaho Plumbers*, 875 F.2d at 215. Likewise, interest on delinquent contributions paid *before* filing may be available as a matter of contract. *See Board of Trustees of Laborers Health and Welfare Trust Fund for Northern Cal. v. Shade Const. and Engineering*, No. C 06-6830 PJH, 2007 WL 3071003, at * 7 (N.D.Cal., Oct. 19, 2007) (finding provision setting interest rate on late contributions at 1.5% per month enforceable). For the reasons stated in *Shade Construction*, the undersigned concludes that the Master Agreement's interest provision is also enforceable on delinquent contributions paid before the time of filing.

Here, Plaintiffs seek $2,949.56 in interest, which comprises the following:  (a) $2,253.18 for unpaid contributions from June through September of 2013; (b) $682.37 for paid but late

7

contributions from May and June of 2011, August through October of 2011, August 2012, June 2013, November through December of 2013, August 2014; (c) $14.01 for unpaid contributions from September and October of 2014. Lauziere Decl., Exs. H–J (Audit Report and Statements of Interest and Liquidated Damages Due). The submitted materials support awarding the full amount of $2,949.56. *See* Lauziere Decl., Ex. H (Audit Report); Lauziere Supp. Decl., Exs. B–D, F–K; Lauziere Second Supp. Decl. ¶ 6–7, Ex. E.

### 4. Attorneys' Fees

Plaintiffs request $10,857.50 in attorneys' fees: (a) $9,477.50 for 29.50[3] hours of completed work and (b) $1,380.00 for the anticipated "appearance at the hearing on the motion for default judgment" and "follow-up work regarding the judgment entered by the Court." Carder Decl. ¶ 10.

Under ERISA and the Trust Agreements, Plaintiffs are entitled to reasonable attorneys' fees. 29 U.S.C. § 1132(g)(2)(D); Lauziere Decl. ¶ 13, Ex. A (Trust Agreements) at 8 (Art IV, § 3). To determine whether Plaintiffs' claimed hours are reasonable, the Court must review attorneys' time records to determine whether the hours are adequately documented. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Decisions by other courts regarding the reasonableness of the rate sought may provide evidence to support a finding of reasonableness. *See Widrig v. Apfel*, 140 F.3d 1207, 1210 (9th Cir. 1998) (holding that rate set by district court, based in part on the rate awarded to same attorney in another case, was reasonable).

The completed work consists of the following: (a) $4,916.25 for 14.25 hours of work by Concepción Lozano-Batista, Shareholder (rate of $345 per hour); (b) $4,053.75 for 11.75 hours of work by Ezekiel D. Carder, Shareholder (rate of $345 per hour); (c) $181.25 for 1.25 hours of work by Judy Castillo, Senior Paralegal (rate of $145 per hour); and (d) $326.25 for 2.25 hours of work by Aaron Nathan, Senior Paralegal (rate of $145 per hour). *See* Carder Decl. ¶¶ 5-9, Ex. A. The Court finds the amounts and rates reasonable given that Plaintiffs' time records are detailed

---

[3] Carder's Declaration states that the amount is for 28.25 hours of work, but the attached Exhibit A and arithmetic confirm that the amount is for 29.50 hours of work. Carder Decl. ¶ 5, Ex. A (Professional Time Records).

and non-duplicative and that courts in this district have awarded similar hourly rates in similar cases. *See Carder Decl.*, Ex. A; *Bd. of Trs. Of the Laborers Health and Welfare Trust Fund v. Perez*, No. C-10-2002 JSW JCS, 2011 WL 6151506, at *14 (N.D.Cal. Nov.7, 2011) (finding hourly rates of $345 reasonable in ERISA case); *Bd. of Trustees v. C & L Coatings*, No. C 12-1368 PJH MEJ, 2012 WL 7748318, at *10 (N.D.Cal. Dec. 18, 2012), report and recommendation adopted, No. C 12–1368 PJH, 2013 WL 1087849, at *1 (N.D. Cal. March 13, 2013) (awarding $145 per hour to paralegal in ERISA case). Therefore, it is recommended that Defendants be ordered to pay Plaintiffs $9,477.50 in attorneys' fees.

As for the anticipated fee of $1,380 for "an appearance at the hearing on the motion for default judgment" and "follow-up work regard the judgment entered by the Court," Plaintiffs do not show how the dollar amount was generated. Further, the term "follow-up work" is vague, and Plaintiffs do not justify its necessity. *See Bd. of Trustees v. Protech Servs., Inc*., No. C 12-01047 MEJ, 2014 WL 122702, at *12 (N.D. Cal. Jan. 13, 2014) (denying "expected fees" for "follow-up work" because "Plaintiffs have failed to articulate what 'follow-up work' is necessary once the Court issues its order on Plaintiffs' Motion"). Therefore, the undersigned does not recommend awarding the anticipated fee.

**5. Costs**

Plaintiffs request $876.51 in costs, broken down as follows: (a) $400.00 for the filing fee; (b) $455.21 for service on Defendants; (c) $13.80 for "reproduction costs"; and (d) $7.50 for "electronic research (Pacer)." *See* Carder Decl., Ex. B. (December 17, 2014, Breakdown of Costs).

29 U.S.C. § 1132(g)(2)(D) and the Trust Agreements provide for the recovery of reasonable costs of the action. *See* Lauziere Decl. ¶ 13, Ex. A (Trust Agreements), Art. IV, § 3. An award of costs may include the filing fee, process service fees ("to the extent reasonably required and actually incurred"), and certain reproduction costs. Civil Local Rule 54-3.

The record supports that the requested filing fee and process service fees here were "reasonably required and actually incurred" and are thus allowable. Civil Local Rule 54-3. Costs relating to electronic research and reproduction are reasonable. *See* Lauziere Decl. ¶ 13, Ex. A (Trust Agreements), Art. IV, § 3; *see also Ontiveros v. Zamora*, No. 2:08-567 WBS DAD, 303

F.R.D. 356, 375 (E.D. Cal. 2014). It is thus recommended that Plaintiffs be awarded the full amount of the requested costs, for a total of $ 876.51.

## IV. CONCLUSION

For the reasons stated above, the following relief is recommended:  (1) unpaid contributions in the amount of $9,767.26; (2) liquidated damages in the amount of $1,800.00; (3) interest in the amount of $2,949.56; (4) attorneys' fees in the amount of $9,477.50; (5) costs in the amount of $876.51. The undersigned recommends that Plaintiffs' Motion be GRANTED and judgment entered in the amount of $24,870.83.

This case will be reassigned to a United States district judge for further proceedings.  Any party may file objections to the recommendations above no later than fourteen days after the party is served with a copy of this report.  *See* 28 U.S.C. § 636(b)(1).

Dated:  March 23, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge